IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **COLIN LACRUE,** on behalf of himself and all others similarly situated, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:24-CV-2842-L** |
| **VEXUS FIBER, LLC,** | § § | |
| Defendant. | § § § | |

### MEMORANDUM OPINION AND ORDER

Before the court are Defendant Vexus Fiber, LLC's ("Defendant" or "Vexus Fiber") Motion to Dismiss Plaintiff's Complaint ("First Motion") (Doc. 11), filed January 23, 2025; and Defendant's Motion to Dismiss Plaintiff's First Amended Complaint with Prejudice ("Second Motion") (Doc. 18), filed February 27, 2025. On April 3, 2025, Plaintiff Colin LaCrue ("Plaintiff" or "Mr. LaCrue") filed his Memorandum in Opposition to Defendant's Motion to Dismiss Amended Complaint ("Response") (Doc. 23). Finally, on April 17, 2025, Defendant filed its Reply in Support of its Motion to Dismiss ("Reply") (Doc. 24).

In reviewing the pending Motions filed by Defendant, the court noticed some deficiencies in Plaintiff's pleadings that led it to question whether it has subject matter jurisdiction over this action. A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction *sua sponte.*") (citation omitted).

I.     **Factual and Procedural Background**

On November 12, 2024, Mr. Larue filed his Class Action Complaint (Doc. 1) pursuant to diversity jurisdiction under 28 U.S.C. § 1332 and the Class Action Fairness Act ("CAFA") of 2005. On January 23, 2025, Defendant filed its First Motion. Twenty-one days after Defendant's First Motion, Plaintiff filed his Amended Complaint ("Amended Complaint") (Doc. 17) as a matter of right. In his Amended Complaint, Plaintiff alleges claims for violation of the Texas Deceptive Trade Practices Act ("DTPA").

"Vexus Fiber, LLC is an internet service provider operating in Texas, Louisiana, and Mexico with its headquarters in Lubbock, Texas." Doc. 17 at 4. Plaintiff alleges that in or around January 2023, he signed up for Vexus Fiber's internet service for his home in Amarillo, Texas. *Id.* at 9. He contends that, in reliance on the representations made in Defendant's advertisements, he purchased the internet service for the price of $49.99 per month. *Id.* Further, Mr. LaCrue alleges that the advertised price of $49.99 for the internet service was incorrect because it was "artificially inflated" after Defendant included a mandatory Network Access Fee ("NAF") of $10 per month. *Id.* Plaintiff contends that had he known the true cost of the internet service, he would not have chosen to use Defendant's services. *Id.* at 10.

II.     **Legal Standards**

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States" and over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332.  Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted); H*ome*

*Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court must presume that an action lies outside its limited jurisdiction, and the burden of establishing that the court has subject matter jurisdiction to entertain an action rests with the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377 (citations omitted). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

Under the CAFA, a federal district court has original subject matter jurisdiction over a class action in which: (1) there are 100 or more proposed class members; (2) at least some of the members of the proposed class have a different citizenship from the defendant; and (3) the aggregated claims of the proposed class members exceed the sum or value of $5,000,000. *See* 28 U.S.C. § 1332(d).

The amount in controversy is normally determined by the amount sought on the face of the plaintiff's pleadings, so long as the claim is made in good faith. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998). The "mere recitation" or "bare allegation" of jurisdictional facts, however, is insufficient to establish subject matter jurisdiction. *Id.* at 1253. That the plaintiff may not be entitled to recover on the merits an amount sufficient to give the court jurisdiction does not necessarily defeat jurisdiction or indicate bad faith. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938) (citation omitted). Ordinarily, to justify dismissal for lack of jurisdiction, it must be apparent to a "legal certainty" from the face of the pleadings or evidence submitted that the plaintiff's claim is for less than the jurisdictional

amount. *Id.*; *St. Paul Reinsurance Co.*, 134 F.3d at 1253 (citation and footnote omitted). The "legal certainty" test does not apply, though, "when the plaintiff has alleged an indeterminate amount of damages." *Id*. In this situation, "the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount." *Id*. at 1253 & n.13 (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). In other words, the plaintiff must show that "it is more likely than not" that the amount in controversy exceeds the jurisdictional amount. *Id*. at 1336. This "demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether the plaintiff is likely to win or be awarded everything he [or she] seeks" if he or she prevails on the merits. *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015) (citations and internal quotation marks omitted). "Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million, then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Brashear v. Panini Am., Inc.*, No. 3:19-CV-201-L, 2020 WL 13413474, at *4 (N.D. Tex. May 21, 2020) (quoting *Berniard v. Dow Chem. Co.,* 481 F. App'x 859, 862-64 (5th Cir. 2000) (citing *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)).

### III. Analysis

#### A. Diversity of Citizenship Between Plaintiff and Defendant

In the Amended Complaint, Plaintiff contends that he "is a citizen of Texas and resident of Amarillo, Texas." Doc. 17 at 4. Further, he alleges that "Defendant Vexus Fiber, LLC is an internet service provider operating in Texas, Louisiana, and Mexico with its headquarters in Lubbock, Texas." *Id.* For a limited liability company, citizenship "is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th

Cir. 2008) (citations omitted). Mr. LaCrue does not state the members of the LLC or the citizenship of each member. Plaintiff has, therefore, failed to satisfy his burden of establishing the existence of subject matter jurisdiction based on complete diversity of citizenship between him and Defendant. Additionally, the court is convinced that the jurisdictional amount has not been satisfied for removal purposes. Plaintiff does not sufficiently allege that the amount in controversy exceeds $75,000. Mr. LaCrue does not state *anywhere* in his Amended Complaint the amount in controversy or the basis therefor, as it relates to him and Defendant. There are insufficient factual allegations for the court to determine that the amount in controversy exceeds $75,000, exclusive of interests and costs.

### B. Diversity Under the CAFA

Second, accepting the allegations in Amended Complaint as true, the court determines that Plaintiff's pleadings are insufficient to establish subject matter jurisdiction under the CAFA. The court examines the factual allegations in the Amended Complaint to determine whether it is "facially apparent" that the claims alleged by Plaintiffs exceed the $5,000,000 jurisdictional amount and whether there are 100 or more proposed class members. *See St. Paul Reinsurance Co.*, 134 F.3d at 1253.

Mr. LaCrue alleges: "(1) the proposed Class is comprised of at least 100 members; (2) at least one member of the proposed class resides outside of Texas; and (3) the aggregate claims of the putative class members exceed $5 million, exclusive of interests and costs." Doc. 17 at 3. While the requirements under the CAFA are relaxed, the court must be able to determine whether "minimal diversity exists"; however, as previously stated, Plaintiff does not state who the members of the LLC are or the citizenship of its members. The court, therefore, is unable to determine whether there is minimal diversity between any member of the class of Plaintiffs and

Defendant. Plaintiff states that he brings this action "individually on behalf of himself and as a class action of similarly situated persons." *Id.* at 17. He also contends that this action is on behalf of "a Texas subclass." *Id.* These allegations are conclusory and are not sufficient for the court to reasonably infer that he has satisfied his burden of proving the existence of minimal diversity under the CAFA.

Moreover, Plaintiff, as the proponent of federal jurisdiction under the CAFA, has the "burden of describing how the controversy exceeds $5 million." *Brashear*, 2020 WL 13413474, at *5 (citations and internal quotation marks omitted). Mr. LaCrue merely alleges that "the aggregate claims of the putative class members exceed $5 million, exclusive of interests and costs." Doc. 17 at 3. Conclusory allegations such as this, without more, are insufficient to establish subject matter jurisdiction. *St. Paul Reinsurance Co.*, 134 F.3d at 1253. Additionally, as it relates to the number of proposed class members, Plaintiff contends that "[a]t this time, [he] does not know the exact size of the Class; however, due to the nature of the trade and commerce involved, [he] believes that the Class members are well into the thousands, and thus, are so numerous that joinder of all members is impractical." Doc. 17 at 12. Plaintiff's "belief" is insufficient and based entirely on speculation with no explanation of how he came to the conclusion that the class members are well into the thousands. Accordingly, for all the reasons stated, the court determines from the factual allegations contained in the Amended Complaint that Plaintiff has not met his burden of establishing that the court has subject matter jurisdiction to entertain this action.

### IV. Conclusion

For the reasons stated herein, the court **concludes** that it is unable to determine whether it has subject matter **jurisdiction** over this action. Further, the court **denies as moot** the First

Motion (Doc. 11); **denies without prejudice** the Second Motion (Doc. 18); and **orders** Plaintiff to file a Second Amended Complaint by **5:00 p.m. August 12, 2025**, that cures the jurisdictional deficiencies herein noted.* Failure to comply with this directive will result in the dismissal without prejudice of its claim, pursuant to Federal Rule of Civil Procedure 12(b)(1); with prejudice for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6); or without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Further, Plaintiff will not be allowed to file another amended pleading regarding jurisdiction after he files his Second Amended Complaint by **August 12, 2025.**

**It is so ordered** this 29th day of July, 2025.

Sam A. Lindsay
United States District Judge

---

* While the court did not address the merits of Plaintiff's claim for violations of the Texas Deceptive Trade Practices Act, it seriously questions whether he has pleaded sufficient facts to meet the heightened pleading standard under Federal Rule of Civil Procedure 9(b).